**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Anthony Mall, | No. CV-25-04693-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Adrienne Marie Waibel, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Mark Anthony Mall's Request for Service by USPS Certified Mail and Email Confirmation by the District Court ("Service Request") (Doc. 4), Application to Proceed in Forma Pauperis ("First Application") (Doc. 7), and Application to Proceed in District Court Without Prepaying Fees or Costs ("Second Application") (Doc. 8). The Court denies the Service Request as premature, grants the Second Application, denies the First Application as moot, and dismisses Plaintiff's underlying Complaint to Quiet Title and for Declaratory Relief (Doc. 1, Compl.) for lack of subject-matter jurisdiction with leave to amend.

**I.    IFP APPLICATIONS**

The Court may authorize a party to commence a civil action without prepaying court fees—to proceed *in forma pauperis* ("IFP")—if the person submits an affidavit attesting to their poverty. 28 U.S.C. § 1915(a)(1). Although a plaintiff seeking IFP status need not be "absolutely destitute," he or she "must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation

modified). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Id.* at 1235. The determination is within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds by* 506 U.S. 194 (1993).

Here, Plaintiff submits two IFP Applications that contain mostly the same information, except that the Second Application was prepared on the court form with itemized expenses. On both, Plaintiff reports that his monthly expenses exceed his monthly self-employment income. Plaintiff demonstrates an inability to pay filing fees, so the Court will grant Plaintiff's Second Application and deny the First Application as moot.

## II.   SUBJECT-MATTER JURISDICTION

For cases like this one in which a party is permitted to proceed IFP, 28 U.S.C. § 1915(e)(2) provides that a district court must screen that party's complaint for, among other things, whether the complaint states a claim for which relief may be granted. *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000). In addition to screening IFP complaints under Section 1915, "[f]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The plaintiff bears the burden of establishing the court's jurisdiction over his claims. Subject-matter jurisdiction can be established in one of two ways. First, the plaintiff may assert that the defendants violated the Constitution, a federal law, or treaty of the United States, *i.e.*, the court's "federal question" jurisdiction. *See* 28 U.S.C. § 1331. Alternatively, a plaintiff may invoke the court's "diversity" jurisdiction, which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *See* 28 U.S.C. § 1332(a)(1). The plaintiff must state the basis for the court's jurisdiction in "a short and plain statement" in his pleadings. Fed. R. Civ. P. 8(a)(1).

1   Here, Plaintiff asserts[1] that "[t]his Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the interpretation and legal effect of a Federal Land Patent and federal supremacy principles." (Compl. at 2.) Therefore, the action must "arise[] under federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law." *Unite Here Local 30 v. Sycuan Band of the Kumeyaay Nation*, 35 F.4th 695, 702 (9th Cir. 2022) (citation modified).

Plaintiff sets forth a claim for "quiet title" under 28 U.S.C. § 1655, and "declaratory judgment" under 28 U.S.C. §§ 2201–02. (Compl. at 4–5.) Neither of those statutes establish federal question jurisdiction. First, Section 1655 "is a personal jurisdiction provision" that sets forth notice procedures in a lien action but does not create an independent cause of action. *Cutlip v. Deutche Bank Nat'l Tr. Co.*, No. 15-cv-01345-BLF, 2015 LEXIS 114867, at *6 (N.D. Cal. Aug. 28, 2015) ("Plaintiff must establish that the Court has subject-matter jurisdiction over this dispute before he can invoke § 1655 . . ."). Second, Sections 2201 and 2202 are "procedural device[s] only and require[] a separate independent basis for jurisdiction." *Unite Here Local 30*, 35 F.4th at 702. These two statutes do not create an independent cause of action, and Plaintiff identifies no state law that would require construction of either of these statutes to vindicate his alleged property right.

Because the Court lacks subject-matter jurisdiction over this matter, the Court will dismiss Plaintiff's Complaint. It is possible that Plaintiff can amend these defects, so the Court will grant him leave to amend no later than fourteen days from the date of this Order. *See Lopez*, 203 F.3d at 1127–30.

### III.   SERVICE REQUEST

Plaintiff additionally requests that, pursuant to Federal Rule of Civil Procedure 5(b)(2)(C)–(D), the Court order that "Defendants serve all pleadings, motions, notices, and other papers in this action upon Plaintiff by United States Postal Service (USPS) Certified

---

[1] Even if Plaintiff stated that the Court had diversity jurisdiction, Plaintiff does not assert, nor does this Court find, the requisite citizenship of the parties or the amount in controversy.

1  Mail, Return Receipt Requested, sent to Plaintiff's mailing address." (Doc. 4 at 1.)
2  Plaintiff's Service Request assumes that this Court has jurisdiction to enter such orders,
3  which it currently lacks. Therefore, the Service Request is premature and will be denied
4  without prejudice.

**IT IS ORDERED** granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 8).

**IT IS FURTHER ORDERED** denying Plaintiff's Application to Proceed in Forma Pauperis (Doc. 7) as moot.

**IT IS FURTHER ORDERED** denying without prejudice Plaintiff's Certified Mail and Email Confirmation by the District Court (Doc. 4) as premature.

**IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint to Quiet Title and for Declaratory Relief (Doc. 1) with leave to amend. Plaintiff may, within fourteen days of the date of this Order, file an amended complaint. If Plaintiff fails to file an amended complaint within fourteen days of the date of this Order, the Clerk of Court shall dismiss this matter without further notice.

Dated this 17th day of December, 2025.

Honorable John J. Tuchi
United States District Judge