**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Anthony Mall, | No. CV-25-04693-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Adrienne Marie Waibel, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Mark Anthony Mall's First Amended Complaint (Doc. 13, FAC). For the reasons set forth below, the Court dismisses the First Amended Complaint with leave to amend.

**I.    LEGAL STANDARD**

For cases like this one in which a party is permitted to proceed IFP, 28 U.S.C. § 1915(e)(2) provides that a district court must screen that party's complaint for, among other things, whether the complaint states a claim for which relief may be granted. *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). However, "a liberal interpretation of a civil rights complaint

may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted).

In addition to screening IFP complaints under Section 1915, "[f]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The plaintiff bears the burden of establishing the court's jurisdiction over his claims. Subject-matter jurisdiction can be established in one of two ways. First, the plaintiff may assert that the defendants violated the Constitution, a federal law, or treaty of the United States, *i.e.*, the court's "federal question" jurisdiction. *See* 28 U.S.C. § 1331. Alternatively, a plaintiff may invoke the court's "diversity" jurisdiction, which applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *See* 28 U.S.C. § 1332(a)(1). The plaintiff must state the basis for the court's jurisdiction in "a short and plain statement" in his pleadings. Fed. R. Civ. P. 8(a)(1).

## II.     ANALYSIS

As he did in his original Complaint, Plaintiff asserts that "[t]his Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States." (FAC ¶ 5.) Plaintiff now adds a "federal constitutional claim" dubbed "Deprivation of Property Without Due Process," and asserts that he has "vested property rights protected by the Fifth and Fourteenth Amendments." (*Id.* ¶¶ IV, 15.) Plaintiff alleges that Defendants, "by invoking and misusing Arizona's statutory foreclosure, recording, and enforcement mechanisms, acted under color of state law and caused Plaintiff to be deprived of property interests." (*Id.* ¶ 16.)

In construing Plaintiff's First Amended Complaint liberally, the Court assumes that Plaintiff attempts to bring a claim under 42 U.S.C. § 1983, which provides for a private right

of action against a state actor for a constitutional violation. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). "A claim upon which relief may be granted . . . under § 1983 must embody at least two elements. [The plaintiffs] are first bound to show that they have been deprived of a right secured by the Constitution and the laws of the United States. They must secondly show that [the defendants] deprived them of this right acting under color of any statute of the State." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978) (citation modified). "[O]nly a State or a private person whose action may be fairly treated as that of the State itself may deprive [the plaintiff] of an interest encompassed within the Fourteenth Amendment's protection." *Id.* at 157 (citation modified). A private person "acts under color of state law only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Polk County v. Dodson*, 454 U.S. 312, 317–18 (1981) (citation modified); *see also Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 751 (9th Cir. 2020).

The Court will assume for the moment that Plaintiff has "a right secured by the Constitution and the laws of the United States." *Flagg Bros., Inc.*, 436 U.S. at 155. As to the second element of a § 1983 claim asserting Fifth and Fourteenth Amendments violations, Plaintiff alleges that Defendants Adrienne Marie Waibel and Bill Richard Waibel are each a "natural person who claims or has claimed an interest adverse to Plaintiff in the Subject Property." (FAC ¶¶ 2–3.) He also alleges that "Defendants DOES 1–10 are persons or entities whose true names are presently unknown, who have claimed, recorded, enforced, or otherwise asserted interests adverse to Plaintiff's title." (*Id.* ¶ 4.) Plaintiff asserts that these Defendants "acted under color of state law" but does not describe with any detail what those actions were, or how they were "clothed with the authority of state law." *Polk County*, 454 U.S. at 317–18. Because Plaintiff fails to state that any Defendant was either a state actor or acted under the color of state law, his Fifth and Fourteenth Amendment claim fails.

The only other claim Plaintiff brings is one for "quiet title" supposedly arising under state law. (FAC ¶ V.) Plaintiff identifies no specific state law, and the Court notes that it already dismissed Plaintiff's earlier federal quiet title claim because it provided no

substantive cause of action. (*See* Doc. 12.) Even if state law provides a "quiet title" statute that creates a cause of action, this Court has no subject-matter jurisdiction to hear it. The only basis for jurisdiction, a federal question arising under the Constitution, is dismissed.[1] Accordingly, in the absence of federal claims against the Defendants, the Court declines to exercise supplemental jurisdiction over Plaintiff's purported state law claims. *See* 28 U.S.C. § 1367(a), (c); *Foster v. Wilson*, 504 F.3d 1046, 1051 (9th Cir. 2007) ("The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion.")

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *Lopez*, 203 F.3d at 1130. While Plaintiff has already been given an opportunity to amend his Complaint, the earlier dismissal was based on subject-matter jurisdiction while this dismissal turns on Plaintiff's ability to state a claim upon which relief can be granted. Therefore, the Court will give Plaintiff one last opportunity to amend his complaint no later than fourteen days from the date of this Order.

**IT IS ORDERED** dismissing Plaintiff's First Amended Complaint (Doc. 13) with leave to amend. Plaintiff may, within fourteen days from the date of this Order, file an amended complaint. If Plaintiff fails to file an amended complaint within fourteen days of the date of this Order, the Clerk of Court shall dismiss this matter without further notice.

Dated this 22nd day of December, 2025.

_____
Honorable John J. Tuchi
United States District Judge

---

[1] Even if Plaintiff stated that the Court had diversity jurisdiction, Plaintiff does not assert, nor does this Court find, the requisite citizenship of the parties or the amount in controversy.

- 4 -