**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Anthony Mall, | No. CV-25-04693-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Adrienne Marie Waibel, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Mark Anthony Mall's Second Amended Complaint (Doc. 17, SAC). For the reasons set forth below, the Court dismisses the Second Amended Complaint without leave to amend.

**I.    LEGAL STANDARD**

For cases like this one in which a party is permitted to proceed IFP, 28 U.S.C. § 1915(e)(2) provides that a district court must screen that party's complaint for, among other things, whether the complaint states a claim for which relief may be granted. *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The Court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). However, "a liberal interpretation of a civil rights complaint

may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (citation omitted).

In addition to screening IFP complaints under Section 1915, "[f]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The plaintiff bears the burden of establishing the court's jurisdiction over his claims. As here, the plaintiff may assert that the defendants violated the Constitution, a federal law, or treaty of the United States, *i.e.*, the court's "federal question" jurisdiction. *See* 28 U.S.C. § 1331.

## II.   ANALYSIS

Plaintiff asserts that the Court has federal question subject-matter jurisdiction because he asserts a claim under 42 U.S.C. § 1983. (SAC ¶ 1.) As recounted in the Court's previous Order (Doc. 16), a Section 1983 claim requires that a plaintiff has "been deprived of a right secured by the Constitution and the laws of the United States" and that the defendant "deprived them of this right acting under color of any statute of the State." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978) (citation modified). A private person "acts under color of state law only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Polk County v. Dodson*, 454 U.S. 312, 317–18 (1981) (citation modified); *see also Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 751 (9th Cir. 2020).

Plaintiff alleges that Wells Fargo and Tiffany & Bosco foreclosed Plaintiff's property, and EZ Homes acquired title of the foreclosed property thereafter. (*Id*. ¶¶ 21–27.) EZ Homes then transferred title to Defendants years after the alleged foreclosure took place. (*Id*. ¶ 26.) Plaintiff alleges that Defendants' property interest exists because of the actions of Wells Fargo, Tiffany & Bosco and EZ Homes. (*Id*. ¶ 32.) The only "state actors" that played a role were the Maricopa County Recorder's Office, which recorded the foreclosure and title

documents, the Superior Court, which initiated an eviction action, and the Sheriff's Office, which enforced the foreclosure judgment. (*Id.* ¶ 29.) According to Plaintiff, Defendants "relied" upon these state actions "to obtain and maintain possession of the Property." (*Id.* ¶ 33.) Plaintiff alleges that Defendants acted "under color of state law through joint engagement with state actors" (*id.* ¶ 31) but alleges no facts suggesting that Defendants participated in any of the foreclosure proceedings, recorded the purportedly void documents, or otherwise exercised any power possessed by virtue of state law or were clothed with state law authority. *Polk County*, 454 U.S. at 317–18. Because Plaintiff fails to sufficiently state that the Defendants were either a state actor or acted under the color of state law, his Section 1983 claim fails. The only other claims Plaintiff brings are for "quiet title" and "declaratory judgment" arising under federal law. (SAC ¶¶ 35–39.) The Court already determined that neither of those claims create an independent cause of action nor confer subject-matter jurisdiction upon this Court. (Doc. 12.) That same determination applies here.

Plaintiff has twice been given an opportunity to amend his pleadings, once to establish subject-matter jurisdiction and the other to state a claim upon which relief can be granted. Plaintiff has not, and cannot, state a federal claim against Defendants for which relief can be granted in this Court, and therefore cannot establish federal question subject-matter jurisdiction.[1] Accordingly, the Court will dismiss the Second Amended Complaint **without** leave to amend. *See Lopez*, 203 F.3d at 1130.

**IT IS ORDERED** dismissing Plaintiff's Second Amended Complaint (Doc. 17) **without** leave to amend. The Clerk of Court shall dismiss this matter without further notice.

Dated this 5th day of January, 2026.

Honorable John J. Tuchi
United States District Judge

---

[1] Even if Plaintiff stated that the Court had diversity jurisdiction, Plaintiff does not assert, nor does this Court find, the requisite citizenship of the parties or the amount in controversy. *See* 28 U.S.C. § 1332(a)(1).